(No. 38960.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JEAN SCOTT, Plaintiff in Error.

*Opinion filed January 25, 1966.*

42

JOHN T. WEISE and CHARLES J. GRIFFIN, JR., both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. ROGER HORSKY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Jean Scott was convicted of the crime of unlawful possession of narcotic drugs in a bench trial in the circuit court of Cook County and sentenced to the Reformatory for Women for a term of 2 to 5 years. A constitutional question gives us jurisdiction.

At approximately 3:30 o'clock P.M. on March 18, 1965, the defendant was arrested without a warrant for illegal possession of narcotic drugs. Prior to trial, she filed a motion to suppress evidence of narcotic drugs alleging they were obtained as a result of an illegal search made at the time of her arrest. At the hearing on the motion, Chicago

police officer Leo A. Hagan testified that, on the day before he arrested Scott, he and his partner received a tip from an informant to the effect that the defendant would be in possession of narcotic drugs and operating out of a tavern at 2158 West Madison Street, Chicago. The informant also described the defendant and arranged to meet the officers the following day.

According to Hagan, he and his partner met the informant at the prearranged location and drove near to the tavern where the informant identified the defendant who was standing in the doorway of the tavern. Hagan said that he knew the defendant from "previous working in the district." He testified that he got out of the car and observed the defendant for approximately 10 to 15 minutes from a distance of about 15 feet. During this time a number of people approached the defendant and small tinfoil packets were passed to them by the defendant. Hagan said he then returned to the car, drove around the block, and returned to a place near the tavern where he got out of the car and started toward the defendant. She ran into the tavern, and Hagan apprehended her just as she opened the door to the ladies washroom and threw something on the windowsill. Hagan retrieved a cellophane package containing small tinfoil packets from the windowsill. At the trial it was stipulated that a chemist would testify that these tinfoil packets contained narcotic drugs.

A friend of the defendant, Archie Cole, testified that the defendant arrived at the tavern shortly after 3:00 o'clock P.M. and had a drink with him. Shortly thereafter, she excused herself to make a phone call from a booth near the bar and within Cole's line of vision. He said that officer Hagan approached the defendant when she emerged from the phone booth and asked her to come outside with him. According to Cole, the defendant left with the officer who then came back into the tavern alone and proceeded to search the phone booth and the women's washroom. Cole testified

that Hagan then went outside and returned with another officer, the defendant and another person.

The trial court denied defendant's motion to suppress the evidence of narcotic drugs. It was stipulated at the trial that the testimony of officer Hagan and Archie Cole at the hearing on the motion to suppress should become part of the testimony in the trial of the case. The defendant's testimony as to the events leading up to her arrest was substantially the same as Cole's testimony. She denied having stood in the doorway of the tavern that afternoon and also denied having possession of narcotic drugs at the time of her arrest.

The defendant argues that the court erred in denying her motion to suppress the use of the narcotic drugs as evidence on the ground that there was an illegal search and seizure. If the defendant's testimony is believed, there was no search or seizure at all. If the officer's testimony is believed, there was no search since the cellophane package containing narcotic drugs was not concealed from his view. *People* v. *Jones,* 31 Ill.2d 42; *People* v. *McCracken,* 30 Ill.2d 425.

The defendant also contends that the nondisclosure of the identity of the informant was, in effect, the suppression of material evidence and that she was thus denied her constitutional right to a fair trial. In support of this contention, she argues that the informant was present at the time of her arrest, and therefore the privilege of nondisclosure of his identity did not exist.

The crime with which the defendant is charged is illegal possession of narcotic drugs. The evidence showing this offense comes from officer Hagan who testified that he observed defendant throw something on the windowsill of the ladies washroom in the tavern, that he retrieved a cellophane package from the sill, and it is stipulated that a chemist would testify the package contained narcotic drugs. Defendant's defense is that she did not possess narcotic drugs

and did not throw a package on to the windowsill. The record is clear under either version of the events upon which the crime is based that the informant was not present. In other words, the defense is a denial of what the officer said occurred in the tavern. There is no showing that the defendant was unfairly deprived of presenting any element of her defense because of lack of knowledge of the identity of the informant. Under these circumstances, the action of the trial court in refusing to compel disclosure of the informant's identity did not deprive defendant of her constitutional right to a fair trial. The informant's privilege was fairly and properly exercised and there is no merit in defendant's suggestion that the informant's testimony would have been unfavorable to the prosecution. *People* v. *Mack,* 12 Ill.2d 151.

The defendant's final contention is that his guilt was not established beyond a reasonable doubt. Here, officer Hagan's testimony, if believed, was sufficient to establish the defendant's guilt. Although the testimony of the defendant and of Archie Cole, who was released from the penitentiary to testify, was substantially different, we have consistently held that it is the function of the trial court to determine the credibility of the witnesses and the weight to be accorded their testimony, and where the evidence is merely conflicting, this court will not substitute its judgment for that of the trier of fact. *People* v. *Clark,* 30 Ill.2d 216; *People* v. *McCreary,* 29 Ill.2d 295; *People* v. *Dillon,* 24 Ill.2d 122.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*