THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *vs.* JEROME HARRIS, Defendant-Appellant.

(No. 70-110;

Fifth District—August 11, 1971.

Morton Zwick, Director of Defender Project, of Chicago, (Theodore A. Gottfried and Bruce Stratton, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Philip G. Feder, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant was found guilty of the crime of armed robbery by a jury, and after an opportunity to present evidence in mitigation and the State advising the court that there was no evidence of a previous criminal record, a sentence of seven to 20 years was imposed.

Appellant here contends that he was not proven guilty beyond a reasonable doubt. The State presented the testimony of the two victims of the crime who testified that defendant while armed with a revolver robbed them of $330, and that they had an opportunity to observe the defendant and later identified him at a police station as the individual who had robbed them. The victims also identified the defendant in the court room. One of the victims testified that defendant left the scene of the robbery in a white Cadillac and that he noted the license number, and later in the evening saw the Cadillac at defendant's residence.

Defendant testified in his own behalf and denied that he was involved in the robbery committed. He admitted the ownership of the car and testified that he had left the car at a car wash and was, during the period of the robbery, dressed differently than described by the victims. He offered the testimony of an employee of the car wash to substantiate his contention that his car was there during the time of the robbery. He offered evidence of three other witnesses as to his activities at some distance from the scene of the robbery during the time the robbery occurred. He contends that by reason of strong evidence by reliable witnesses with regard to his presence in and around his home at the time of the robbery, and considering the failure of the State to produce any gun or clothing as described by prosecution witnesses or any of the money stolen, as a matter of law there is a doubt about his guilt which compels reversal.

It has long been held that the jury as a trier of fact has the function of determining the credibility of witnesses and resolving any conflicts or contradictions in the evidence; that it is only when the verdict is palpably contrary to the weight of the evidence and there is clearly a reasonable doubt as to guilt that a reviewing court should substitute its judgment for the trier of fact. (*People v. Underhill*, 38 Ill.2d 245, 230 N.E.2d 837, *People v. Henderson*, 33 Ill.2d 225, 210 N.E.2d 483, *People v. Scott*, 34

Ill.2d 41, 213 N.E.2d 521.) The jury in this case heard all the evidence and upon hearing all the evidence returned a finding of guilty.

■ Defendant further contends that the sentence was excessive and should be reduced. At the time of the offense defendant was 23 years of age and employed. There was no motion for probation, no presentence investigation or report, and no evidence in Aggravation and Mitigation. The State had no evidence of any prior criminal record.

Our views with reference to the purpose of sentencing have most recently been expressed in *People v. Jordan*, No. 70-95, opinion filed July 16, 1971 and *People v. Moore*, No. 70-46, opinion filed July 4, 1971 Per Curiam, and the opinions cited therein.

We therefore modify the judgment and sentence to provide that the sentence imposed on defendant be confinement in the penitentiary for a term of not less than three nor more than ten years, and as so modified the judgment is affirmed.

Judgment modified, and as modified affirmed.

MORAN and CREBS, JJ., concur.