THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER EARL, Defendant-Appellant.

(No. 73-69; )

Third District—October 17, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

Michael Mihm, State's Attorney, of Peoria, for the People.

PER CURIAM.

This is an appeal from a judgment of the circuit court of the Tenth Judicial Circuit, Peoria County, finding defendant guilty of armed robbery, pursuant to a negotiated plea, and sentencing defendant to a term of not less than six (6) nor more than fourteen (14) years in accordance with such negotiated plea. The Office of the State Appellate Defender was appointed to represent defendant in this appeal. The attorney has now moved for leave to withdraw as counsel on appeal for appellant in accordance with the precedent in *Anders v. California,* 388 U.S. 738, and upon the express assertion that an examination of the record by counsel forces a conclusion that an appeal would be completely frivolous and could not possibly succeed.

It appears that defendant Walter Earl was indicted for armed robbery on September 13, 1972. The indictment properly apprised defendant of the charge and gave the court jurisdiction of the matter. On October 12, 1972, defendant pleaded guilty to armed robbery while represented by the public defender pursuant to plea negotiations and was sentenced to a term of not less than six (6) nor more than fourteen (14) years, as indicated.

In accepting the plea, the trial court fully and carefully complied with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, § 402). The trial court read the indictment, which was phrased in

simple language easily understood, and also explained to defendant, the possible minimum and maximum sentences in clear, simple language, and gave examples of possible sentences. The court determined that defendant voluntarily withdrew his plea of not guilty; that he understood that his plea waived a jury or bench trial, and that the State would not be required to put on any proof of the offense. The court also admonished defendant that his plea waived his right to confront witnesses against him.

The plea agreement was stated in open court and defendant confirmed that the agreement was accurately stated. The court confirmed with defendant that there was no force or threat, apart from the plea agreement itself. The factual basis for the plea was stated for the record and the trial court determined that it was sufficient to support the conviction.

On the basis of the record, it is apparent that a court of review would not find reason to disturb the sentence for which defendant bargained and which he received (*People v. White*, 5 Ill.App.3d 205, 282 N.E.2d 467). It is also apparent that defendant is not entitled to a reduction of his sentence under the Illinois Unified Code of Corrections for the reason that armed robbery is now a Class 1 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 18—2). Sections 5—8—1(b)(2) and (c)(2) of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, pars. 1008—8—1 (b) and (c) (2)) provide that the minimum shall be not less than four years with an indeterminate maximum and that no ratio between the minimum and maximum sentence is required.

On the record, we concur in counsel's contention that there is no basis for maintaining an appeal in this cause and the continuation of the appeal would be wholly frivolous and could not possibly succeed. The judgment of the circuit court of Peoria County is accordingly affirmed, and, for the reasons stated, motion of the State Appellate Defender to withdraw as counsel for defendant Walter Earl is allowed.

Judgment affirmed and withdrawal motion allowed.