*of Chicago,* 97 Ill.App.2d 410, 240 N.E.2d 344.) Although the area involved is now annexed and the time for final approval of the plan has expired, the issue presented by this appeal will obviously recur. Furthermore, the usual time for perfection and disposition of an appeal would effectively deprive plaintiff of an available appellate review. We are not required to dismiss the case even though the issues are technically moot if the issues are likely to recur and involve matters of public concern. See *In re Estate of Brooks,* 32 Ill.2d 361, 205 N.E.2d 435.

The action of the city council in adopting ordinance 1086 in November 1971 as an amendment to its general zoning ordinance was to effect the repeal of a prior section 17 of article VII of that ordinance and add the new section. The language of ordinance 1086 did not contemplate approval of PUD by an amendment to the general zoning ordinance as was required by the predecessor provision. As we have noted, final approval was expressly conditioned only upon receipt of a majority vote. We thus agree with the determination by the trial court that approval of the preliminary plan would require only a majority vote. As indicated, however, notwithstanding the declaratory judgment, final approval of this specific preliminary plan cannot be obtained under the time sequence set forth in the ordinance.

The judgment of the circuit court of Champaign County declaring that a majority vote of the city council was sufficient to approve the preliminary plan is affirmed.

Judgment affirmed.

SMITH, P. J., and SIMKINS, J., concur.

The People of the State of Illinois, Plaintiff-Appellee, *v.* Jerry Jarvis, Defendant-Appellant.

(No. 73-11;

Third District—December 30, 1974.

Opinion by Mr. JUSTICE ALLOY.

James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Joseph C. Polito, Assistant State's Attorney, of counsel), for the People.