The People of the State of Illinois, Plaintiff-Appellee, *v.* Ellis Partee, Defendant-Appellant.

(Nos. 74-256, 74-257 cons.; 

Third District—June 27, 1975.

James Geis and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Nicholas E. Sakellariou, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from two convictions in separate jury trials for armed robbery, in the Circuit Court of Will County, as a result of which defendant was sentenced to a term of from 8 to 15 years in the penitentiary on each conviction, the sentences to run concurrently. We have consolidated the two cases for purpose of this appeal. Only one issue is raised on appeal in this case. Defendant contends that the minimum sentences imposed by the trial court are excessive in light of defendant's age, the circumstances surrounding the offenses, and the realities of current rehabilitation incarceration.

The record discloses that defendant and accomplice, while armed, broke into a home occupied by a mother with two small children, in the late morning of August 23, 1973. They took an adding machine which was later found in Partee's home. The mother identified the defendant as one of the armed robbers. The second robbery took place less than 24 hours later in the early morning of August 24, 1973. In this case defendant and two accomplices broke into an apartment, awakened the occupants and robbed them at gunpoint. They bound and gagged the victims after collecting the items which were taken. Partee again was

identified by the victims and his fingerprints were found on a soft-drink can in the apartment.

Defendant Partee was tried by two different juries in two separate trials and was found guilty in each trial. A sentence of 8 to 15 years for the second conviction (the August 23, 1973, offense) was imposed by the judge to run concurrently with the similar sentence already imposed for the first conviction (for the August 24, 1973, offense). The presentence report showed that defendant was only 17 years of age at the time of the offenses, had earned his G.E.D. (high school equivalency diploma), was employed as a railway laborer and was engaged to be married. While there was some mention of a juvenile record it was not detailed. It appears that Partee was placed in custody of the Illinois Youth Commission in April of 1971, and was paroled in mid-1973, just a couple of months before he committed the crimes involved in the cases before us.

As we have indicated, defendant objects basically to the minimum sentences of 8 years as being excessive in light of his age and the circumstances of the offenses and what defendant described as the "realities of current rehabilitation incarceration." He directs our attention to the language of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(2)), which provides:

> "(2) for a Class 1 felony, the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term."

Defendant argues that the court, in imposing the higher minimum sentence of 8 years for a Class 1 felony like armed robbery, should make its reasons for the enhanced term appear affirmatively of record. (*People v. Matychowiak* (5th Dist. 1974), 18 Ill.App.3d 739, 742, 310 N.E.2d 394.) In the instant case, he argues, that the only statement made by the court justifying higher minimum sentences was the same language in each of the cases. The court stated:

> "In sentencing, the court has considered the Constitutional provision which states all penalties shall be determined both according to the seriousness of the offense and with the objective to restoring the defendant to useful citizenship. The court has duly considered the age of the defendant, the element of violence, family relationship, employment and previous criminal record. The court believes that the sentence is adequate punishment for the offense committed, safeguarding society from further offenses and for the rehabilitation of the defendant. Maximum time is based upon the court's belief of the length of time required to achieve rehabilitation."

Defendant refers to the statement as a "prepared text which was read into the record in each case for the purpose of nominal compliance with the statutory mandate." Perhaps this may be so, in view of the general and comprehensive nature of the statement and the fact that the text was the same in each case. This circumstances, however, does not indicate the court did not give careful consideration to the very things to which the court makes reference. While it is preferable for a trial court, if feasible, to state specifically for the record, reasons for imposing a higher minimum term than the statutory minimum, this requirement is not absolute, and it is sufficient if the record itself reflects a basis upon which the enhanced minimum term may rest. We believe that the fact that the sentencing judge was the trial judge in both jury trials and heard all the evidence in each case, in addition to having a presentence report before him, was sufficient to support an assumption that the trial court gave consideration to all of the evidence appearing of record and which might be pertinent in sentencing.

Defendant Partee points out that no one was injured in either robbery, and also that no property of any great value was taken. He also notes that he was only 17 years of age at the time, that he was employed and that he was engaged to be married. While these factors are to be considered by the trial court, the court also apparently took into account that the armed robbery in each case resulted when the offenders broke into someone's home or apartment. The court also apparently considered that Partee had committed two armed robberies within 24 hours of each other. The court could consider the need to protect the public, in addition to considering the particular situation of the defendant and his rehabilitative potential.

Defendant argues that the 8-year minimum sentence would tend to discourage his efforts to become rehabilitated since he realizes he has a great deal of time to spend in the penitentiary regardless of his progress. While we recognize that rehabilitative desires and potential may be dampened by some delay of eligibility for parole, we believe that this situation would exist in every case, and, in and of itself, is not a basis for modification of sentence unless the case involves a clear and obvious need therefore. In the cause before us, the trial court could have sentenced defendant to consecutive 4-year minimum terms on the two unrelated robberies.

We note the cases cited by defendant in which sentences were reduced, but such cases are not completely analogous since the defendant in those cases had no prior criminal record. *People v. Irons* (5th Dist. 1974), 20 Ill.App.3d 125, 312 N.E.2d 664; *People v. Harris* (5th Dist. 1971), 1 Ill. App.3d 22, 272 N.E.2d 403; *People v. Jordan* (5th Dist. 1971), 133 Ill.

App.2d 893, 272 N.E.2d 429; *People v. Jarvis* (3rd Dist. 1974), 24 Ill. App.3d 905, 324 N.E.2d 738.

On our review of the record, we do not believe we would be justified in finding that the trial court abused its discretion in determining on the facts in the record that the concurrent minimum terms of 8 years should be imposed in this case. As indicated in the Illinois Supreme Court cases, a court of review should apply the authority to reduce sentences with considerable caution and circumspection and should not disturb the sentences unless they are greatly at variance with the purpose and spirit of the law and greatly disproportionate to the nature of the offense committed. *People v. Taylor* (1965), 33 Ill.2d 417, 424, 211 N.E.2d 673; *People v. Taylor* (1965), 33 Ill.2d 417, 424, 211 N.E.2d 673; *People v. Allen* (1974), 56 Ill.2d 536, 547, 309 N.E.2d 544; *People v. Wright* (1974), 56 Ill.2d 523, 536, 309 N.E.2d 537.

For the reasons stated, the judgments and sentences imposed by the Will County Circuit Court are affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.