THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS L. YEPSEN, Defendant-Appellant.

(No. 74-135;

Third District—July 25, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Walter D. Boyle, State's Attorney, of Hennepin (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of conviction of burglary in the Circuit Court of Putnam County, Illinois, which followed a negotiated plea of guilty. Defendant was sentenced to a term of not less than 2 nor more than 6 years in the Illinois State Penitentiary. The principal issue raised on appeal is the contention that it was an abuse of the trial court's discretion to sentence the defendant to the term of 2 to 6 years without

first conducting a sentencing hearing. The hearing referred to is provided for in section 5—4—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—4—1).

From the record it appears that in the early morning hours of November 26, 1973, defendant burglarized a doctor's office in Granville, Illinois. He was apparently trying to procure several types of pills. A shoot-out with a deputy sheriff resulted when he was discovered and he was not apprehended at that time, but he was arrested later. On March 15, 1974, defendant notified the court that he wished to change his plea to guilty. He was permitted to do so, after being fully advised by the court of his rights and the consequences of his guilty plea. The guilty plea was entered pursuant to plea negotiations with the State. The court imposed the recommended sentence of 2 to 6 years.

Defendant signed a written waiver of a hearing in aggravation and mitigation (the equivalent of a sentencing hearing under the former Illinois law (Ill. Rev. Stat. 1971, ch. 38, § 1—7(g)). In this case, additionally, the court asked defendant if he had any evidence to offer in mitigation. While defendant had nothing that he wished to say, his counsel did point out that no one was hurt in the burglary and that defendant was young. The court was then also advised of defendant's prior record by the State's Attorney which disclosed that defendant had one prior conviction (for escape).

It is the contention of defendant on appeal that a sentencing hearing is mandatory, if the sentence to be imposed exceeds the minimum term permissible under the Code provisions. (Ill. Rev. Stat. 1973, § 1005—8—1(c), ch. 38). Defendant contends that a higher than minimum sentence requires justification in the nature and circumstances of the offense or the history and character of defendant. Defendant argues that such factors cannot be brought to the court's attention without the aid of a sentencing hearing. Defendant points to the mandatory nature of the language in the provision referred to where it is provided "(a) [a]fter a determination of guilt, a hearing shall be held to impose the sentence." In the Council Commentary in Smith-Hurd Annotated Statutes (Ill. Ann. Stat. ch. 38, § 1005—4—1, Council Commentary (Smith-Hurd 1973)) relating to this particular section, it is asserted that a hearing is now mandatory, "whether requested by the defendant or not."

The issue now before us is whether a defendant may affirmatively waive a sentencing hearing when a negotiated plea is entered, where the sentence to be imposed is higher than the specified minimum. We left this issue unanswered in the recent case of *People v. Barto* (3rd Dist. 1975), 27 Ill.App.3d 853, 327 N.E.2d 469. In that case we simply held

that the mere fact that a negotiated plea is entered cannot serve to operate as a waiver of a sentencing hearing, absent a knowing waiver by defendant.

Since a defendant can waive such fundamental rights as trial by jury and confrontation of witnesses by a knowing and voluntary waiver (Ill. Rev. Stat. 1973, ch. 110A, § 402), we believe it cannot be said that he could not waive the sentencing hearing which involves a statutory right given to him. The sentencing provisions of the Unified Code of Corrections, including those which require the court to consider the nature of the offense and the history and character of defendant, are designed primarily for the benefit of one who has been convicted of a crime. Like other rules or procedures which are in existence for the benefit of the accused, however, these sentencing proceedings, clearly, can be waived by defendant, provided the defendant waives the sentencing hearing voluntarily and knowingly.

Defendant cites the case of *People v. Matychowiak* (5th Dist. 1974), 18 Ill.App.3d 739, 310 N.E.2d 394, as authority for his contention that a sentencing hearing cannot be waived where a higher than minimum sentence is to be imposed. While there is language in that case that, broadly construed, might support such argument, the case, in reality, stands for two basic propositions: (1) that the mere fact that defendant entered a plea of guilty does not alone vitiate the need for a sentencing hearing (18 Ill.App.3d 739, 741), and (2) that a higher than minimum sentence must be based on facts in the record pertaining to the nature and circumstances of the offense and the history and character of defendant, which justifies such higher sentence (18 Ill.App.3d 739, 742). In any event, the same court which decided the *Matychowiak* case, later decided *People v. Melvin* (5th Dist. 1975), 27 Ill.App.3d 269, 273, 327 N.E.2d 139, where the court clearly holds that a defendant may waive a sentencing hearing as part of a negotiated plea procedure.

The language in the Council Commentary in Smith-Hurd Annotated Statutes to section 5—4—1, to which we have previously referred, did not indicate that a hearing may not be waived. What the commentary specified was that defendant need not affirmatively request the hearing in order to get one, an issue which was not clearly defined in certain previous cases. See, *e.g., People v. McNeil* (1st Dist. 1970), 123 Ill.App. 2d 285, 292, 260 N.E.2d 82; *People v. Olejniczak* (1st Dist. 1970), 130 Ill.App.2d 51, 264 N.E.2d 515.

■■ In the cause before us, in addition to defendant's written waiver of a sentencing hearing, the trial court in fact asked defendant and his counsel if they had anything to say in mitigation before the imposition of sentence. Defendant was thus afforded an opportunity to present evi-

dence in mitigation, but he determined not to take advantage of that opportunity, other than as we have indicated, through response of his counsel. It is clear that by means of an express and knowing waiver a defendant may relinquish his right to a sentencing hearing, even where the negotiated sentence provides for a greater than minimum term of imprisonment.

Insofar as the sentence of 2 to 6 years in the penitentiary is concerned, the record clearly supports that sentence, which is higher than the minimum of 1 to 3 years available for a Class 2 felony such as burglary. From the record it was shown that defendant was armed at the time of the offense and eluded the policeman for a time by shooting at him. Defendant had also been previously convicted of one felony, the crime of escape. Under the circumstances of the offense and the prior history of defendant, the imposition of a prison sentence somewhat higher than the minimum available, was clearly within the discretion of the court and was not invalid by reason of the fact that no formal sentencing hearing was conducted.

■■ Pursuant to motion of appellant to add additional authority and for leave to file an additional issue, we granted leave to appellant to raise, as a contention of error, that the trial court did not fully comply with Illinois Supreme Court Rule 402(a)(2). Defendant contends that he should have been advised of the mandatory parole term provided for in section 5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1). In support, defendant cites the case of *People v. Wills*, 61 Ill.2d 105, which was filed on May 19, 1975, which held that a defendant is required to be admonished as to the mandatory parole term involved in Class 1, 2, 3 and 4 felonies to comply with Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, § 402(a)(2)). Following the filing of the original opinion in the *Wills* case, the Illinois Supreme Court rendered a supplemental opinion, upon denial of petitions for rehearing, in which the supreme court stated specifically that the rule announced in *People v. Wills* should be applied prospectively only. In the opinion, the supreme court pointed out that although the procedural change effected in the *Wills* case involves no constitutional issue or standard, the same criteria apply as had been applied in *People v. Ellis*, 53 Ill.2d 390, 394, since the court was making a new pronouncement or standard. The supreme court then went on to say specifically, "We hold that the requirement of the admonition concerning the period of mandatory parole applies prospectively to guilty pleas taken subsequent to May 19, 1975." Since the plea of guilty in the instant case was taken prior to May 19, 1975, the requirement newly specified in *People v. Wills* as to admonition relating to mandatory parole

terms would not apply in the instant case. There is, therefore, no reversible error involved in the failure to admonish as to the mandatory parole term in the instant case.

For the reasons stated, the judgment and sentence in the instant case are affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.