The People of the State of Illinois, Plaintiff-Appellee, *v.* Larry Miller, Defendant-Appellant.

(No. 74-355;

Third District—July 31, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Henry D. Sintzenich, State's Attorney, of Macomb (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant Larry Miller was indicted by the McDonough County Grand Jury for two counts of rape and two counts of unlawful restraint. Pursuant to plea negotiations, defendant pled guilty to the two counts of unlawful restraint. The court imposed two concurrent sentences of not less than 1 year, nor more than 3 years in the penitentiary.

Throughout the proceedings defendant was represented by court-appointed counsel, and the office of the State Appellate Defender was appointed to represent the defendant on this appeal. Pursuant to *Anders v. California*, 386 U.S. 738, the State Appellate Defender has moved for leave to withdraw as appointed counsel for defendant for the reasons that there are no arguable errors to be considered by this court and further consideration of the appeal would be frivolous. Defendant has been advised by letter dated June 2, 1975, that a motion for leave to withdraw would be filed by his appellate counsel.

The motion for leave to withdraw as appointed counsel was accompanied by a brief from which it appears: (1) the court substantially complied with the requirements of Supreme Court Rule 402 (*People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559 (1974)); (2) the defendant acknowledged the voluntariness of his plea; (3) both the indictments, phrased in simple and concise language, and the minimum and maximum sentences, including the mandatory parole term (see *People v. Wills*, 61 Ill.2d 105 (1975)) were recited and explained to defendant; (4) the court established that an adequate factual basis existed for the guilty plea and that it was the result of plea negotiations; (5) even though a presentence report was waived and the sentence was imposed without the benefit of conducting a sentencing hearing, any abuse of discretion in this case is harmless error in light of the minimum sentence. *People v. Matychowiak*, 18 Ill.App.3d 739, 310 N.E.2d 394 (1974).

For the foregoing reasons we agree with the motion of the State Appellate Defender that there are no arguable errors to be considered by this court and further action thereon would be wholly frivolous. Motion of the State Appellate Defender to withdraw as counsel on appeal for the defendant is allowed. The judgment of the Circuit Court of McDonough County is affirmed.

Judgment affirmed and withdrawal motion allowed.

STOUDER and ALLOY, JJ., concur.