The PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID EUGENE RADFORD, Defendant-Appellant.

(No. 74-187;

Fifth District—October 7, 1975.

670

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Edward N. Morris and Robert L. Janes, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant, David Eugene Radford, appeals from a conviction after a negotiated plea of guilty to armed robbery, for which he received the recommended sentence of 6 to 18 years. The only issue on this appeal is whether the sentence was excessive because the trial court did not state in the record its reasons for finding that a 6-year minimum sentence was appropriate.

On January 31, 1974, defendant was charged by indictment with having committed armed robbery and deviate sexual assault on October 19, 1973. On February 13, 1974, after being given Miranda warnings, defendant waived his right to have counsel present and made a written confession of both offenses. On February 15, 1974, defendant appeared before the court, was advised of the charges against him, had counsel appointed, and entered a plea of not guilty.

Defendant, represented by counsel, again appeared before the court on April 1, 1974. At the beginning of that proceeding the State's Attorney advised the court that the parties had negotiated an agreement whereby

the defendant would plead guilty to armed robbery, the charge of deviate sexual assault and a separate case of theft pending against defendant would be dismissed, and a sentence of 6 to 18 years would be recommended. During the April 1 proceeding the trial judge made several references to the manner in which he would deal with defendant's negotiated plea and to the right of the defendant to present evidence in mitigation. The first such reference was made after the court admonished the defendant of the nature of the charge and the possible penalties.

"The Court: * * * Also in this Court, if there has been plea bargaining, I abide by it unless there is something drastically wrong in the pre-sentence report.

As I understand it, they have recommended a term of years not less than six nor more than eighteen which would keep the ratio the way it has been recommended. I would go along with that if everything else is equal. However, this sort of term means to four years to any number of years. Do you understand that?

The Defendant: Yes, sir.

The Court: I'm not required to say four to twelve, or six to eighteen, or anything of that sort. In addition, there can be a fine of ten thousand dollars * * *."

After admonishing defendant of his right to jury trial, right of confrontation, right to counsel, and various other rights, the court referred to defendant's right to present evidence in mitigation:

"The Court: * * * A plea of guilty waives * * * the right to call witnesses in your own behalf except those that you might want to call at a hearing in mitigation which would be prior to sentencing * * * Do you understand that?

The Defendant: Yes, sir."

The State's Attorney then made a lengthy statement as to the factual basis for the plea, which covers approximately three pages of the record, and the court determined the plea to be voluntary. Thereafter the following colloquy took place:

"The Court: The Court, before going any further, would inform you that unless something drastically different from the representations made to me appear in the pre-sentencing investigation, I will abide by the plea bargaining. What is your past record? Do you have any felonies?

The Defendant: Theft under $150, I don't know if it is a felony or not, but it was Theft over $150 and they dropped it down to Theft under $150. In 1970 while AWOL, I stole a car from a federal reservation.

The Court: That wouldn't be of such importance which would

cause me to change my statement that I previously made to you." The court then accepted defendant's plea of guilty, referred the case for a presentence investigation by the Adult Probation Office, and once again referred to defendant's right to present evidence in mitigation.

"The Court: All right. On the 29th day of April, you have the right to call in mitigation—they call it a hearing in aggravation and mitigation. That means that you can call witnesses that you want which would testify that you are a decent guy and entitled to a break or something of this sort; or if you had a defense to the charges here, you would have a right to bring them in and show that it wasn't in the manner that the State has charged."

At the April 29, 1974, hearing before the court the State did not present any evidence in aggravation. Although a report of the presentence investigation appears in the record, it is apparent that the trial court did not have the benefit of this report at that hearing, because the report was not sent to the trial court until July 18, 1974.

The defendant, represented by counsel, also elected not to present any evidence in mitigation, as can be seen in the following colloquy:

"The Court: Is there a desire on the part of the defendant to present evidence in mitigation of the crime charged?

Defense Counsel: No, Your Honor.

The Court: Do you understand what I am talking about when I say mitigation? You have the right to call witnesses in to testify on your behalf and to testify as to your previous good character and so forth. Do you understand that?

The Defendant: Yes, sir.

The Court: Do you concur with your attorney in waiving this right here today?

The Defendant: Yes, I do."

The court then imposed the recommended sentence of not less than 6 nor more than 18 years.

■■ Defendant contends that a sentencing court cannot impose a minimum term in excess of 4 years for a Class 1 felony unless a statement appears in the record showing the factors considered by the judge in imposing the increased minimum sentence. Defendant cites *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L.Ed.2d 656, 93 S.Ct. 1756, *Morrissey v. Brewer*, 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593, and *King v. United States* (7th Cir. 1974), 492 F.2d 1337; however, none of these cases are controlling in the instant case.

*Gagnon* involved revocation of parole, whereas *Morrissey* involved revocation of probation. It is apparent, therefore, that both cases dealt with withdrawal of a conditional liberty which had already been granted.

"Implicit in the system's concern with parole violations is the notion that the parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole." (*Morrissey v. Brewer,* 408 U.S. 471, 479, 33 L.Ed.2d 484, 493, 92 S.Ct. 2593, 2599.)

Such is not the case with respect to a convicted felon who stands before the court awaiting sentencing. He has neither an absolute nor a conditional right to liberty but must abide by the sentence the court imposes, subject to the limitations imposed by the statutes.

*King,* which dealt with the application of the Administrative Procedure Act to Federal parole release hearings, is inapposite to the instant case.

Defendant asserts further, however, that a person convicted in Illinois of a Class 1 felony has a governmentally created right to liberty after 4 years, which right is protected by due process and cannot be taken away unless a statement of facts justifying a minimum sentence of more than 4 years appears in the record. We cannot agree that defendant has such a "right" to liberty after 4 years. Section 5—8—1(c)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(2)) states that the minimum term for a Class 1 felony "* * * shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term." However, even if a minimum term of 4 years is imposed, parole is not automatic after the 4 years have been served. Under section 3—3—3 of the Code (Ill. Rev. Stat. 1973, ch. 38, § 1003—3—3) a person serving a prison term is merely "eligible" for parole after having served the minimum; he is not automatically entitled to liberty.

■■ Defendant's final contention on this issue is that under *People v. Matychowiak,* 18 Ill.App.3d 739, 310 N.E.2d 394, the trial court is required to enter a statement in the record summarizing the evidence relied upon and the reasons underlying his sentencing decision. To properly treat this contention it is necessary that we review *Matychowiak* and the two subsequent cases of *People v. Rogers,* 25 Ill.App.3d 7, 322 N.E.2d 563, and *People v. Taylor,* 25 Ill.App.3d 396, 323 N.E.2d 388.

In *Matychowiak* the defendant had been charged with a single offense of burglary. Pursuant to a plea negotiation the defendant pled guilty to the burglary and was sentenced to a term of 2½ to 7½ years. As this court pointed out, although the record included a psychiatric report (which contained some background information about the defendant) and although some information about the offense was contained in the plea proceedings there was nothing in the record which could properly advise the court of the factors to be considered under section 5—8—1(c)(3)

of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(3)). The trial court had told the defendant that, although the court could accept the plea conditionally pending receipt of evidence in aggravation and mitigation, it would not do so but would instead accept the plea outright. As this court pointed out, it appears that the sentence was absolutely based on the plea agreement. As a result, this court stated:

> "Nowhere in the Code is there an indication that a negotiated plea ipso facto can waive the requirements expressed by sections 5—4—1 and 5—8—1(c)(3). It cannot be assumed that because the trial court set a higher minimum, it did consider the nature and circumstances of the offense and the history and character of the defendant. There must be a positive showing.
>
> \* \* \*
>
> The trial court in this case made certain that the defendant was aware of the minimum term involved, but the defendant was not adequately informed that the court might impose more than the minimum because of the negotiated plea. In imposing more than the minimum, the court must tell the defendant that this is done because of 'the nature and circumstances of the offense and the history and character of the defendant'." 18 Ill.App.3d 739, 741-742, 310 N.E.2d 394, 396.

In *Rogers,* the defendant had been charged with rape (a Class 1 felony) and robbery (a Class 2 felony). He was found guilty of both charges in a jury trial and was thereafter sentenced to two concurrent sentences of 4 to 10 years. On appeal, this court after noting that the defendant was 17 years old at the time of the offenses and had no serious prior record, reduced the sentence for the robbery conviction to one to three years on the basis that "The trial court made no findings as contemplated by the statute as to why the minimum sentence on the robbery charge should be in excess of 1 year." 25 Ill.App.3d 7, 12, 322 N.E.2d 563, 567.

In *Taylor,* the defendant had been charged with three counts of aggravated battery and one count of attempt murder. He was found guilty on all counts and sentenced on two counts of aggravated battery and on the attempt murder count. The convictions for aggravated battery were reversed and the sentences based upon them were vacated because the offenses had arisen out of the same course of conduct as the attempt murder.

The important part of *Taylor* for the instant case, however, is the affirmance of the 10 to 20 year sentence for the attempt murder. Before the appellate court the defendant in *Taylor* argued that a minimum sen-

tence of more than 4 years for attempt murder was impermissible because the trial court failed to take into account the nature and circumstances of the offense and the history and character of the defendant. The appellate court found that the trial court had taken into account those factors, by looking at the statement made by the trial judge as to the senselessness of the crime, at the fact that a hearing in aggravation and mitigation was held at which two witnesses testified, and at the fact that the trial court had before it a presentence investigation report.

The appellate court distinguished *Matychowiak* as follows:

> "However, in *Matychowiak*, the defendant was sentenced pursuant to a plea of guilty. There was no hearing in aggravation and mitigation, no presentence report, and no detailed testimony concerning the crime. Consequently, the record foreclosed any consideration of the required sentencing factors. In the instant case, there was more than sufficient information in the record on the basis of which the trial judge could have properly imposed a greater minimum than that required." (25 Ill.App.3d 396, 408-409, 323 N.E.2d 394, 397.)

The court then went on to reject the contention that the trial judge must make a specific statement as to the factors considered in sentencing. The court held that the trial judge's duty would be satisfied if the record showed that he had in fact taken into account the circumstances of the offense and the history of the defendant.

We agree with this view expressed by the court in *Taylor*. When we said in *Matychowiak* that the trial court "must tell the defendant" why a minimum sentence in excess of the statutorily recommended minimum is imposed we did not mean to require that the trial judge make a *specific statement* to this effect in all cases, although under some circumstances such a specific statement may be required. What this court was concerned with in *Matychowiak*, and later in *Rogers*, was that the trial court should make some indication during the proceedings that it is exercising its statutorily granted authority to sentence and not merely "rubber stamping" the recommendation of the State's Attorney. If the record shows that the defendant was made aware that a sentence greater than the statutory minimum can be imposed by the court under certain circumstances and that the court will so impose if such circumstances are found, and the record shows that the court in fact considered those circumstances rather than merely acquiescing in the sentence recommendation, a sentence greater than the statutory minimum can be imposed.

In the instant case the trial judge made it clear to the defendant that, although the minimum term for armed robbery was 4 years. he would not be required to impose ·the 4-year minimum or the recommended

6-year minimum. He indicated that although he would be inclined to go along with the recommended sentence, he would not if the information gathered in the presentence investigation influenced him to do otherwise. Although the judge imposed sentence before the presentence report was submitted, the judge had already obtained substantially all of the information which appears in that report, particularly the information as to defendant's past unlawful activity, by questioning the defendant himself. Furthermore, the judge made it clear to the defendant that he would consider whatever evidence in mitigation the defendant would elect to present. This is in sharp contrast to *Matychowiak*, in which the trial judge made it clear that he would not consider evidence in aggravation and mitigation but would instead accept the plea agreement outright. Finally, the trial judge in the instant case heard a lengthy statement as to the factual basis for the plea and had before him a detailed written confession in which the defendant described the acts constituting both the armed robbery and the deviate sexual assault. Under these circumstances, we feel that the trial judge performed his sentencing function properly under section 5—8—1(c)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(2)).

Affirmed.

G. MORAN and EBERSPACHER, JJ., concur.