THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLADYS SHELTON, Defendant-Appellant.

(No. 75-87; ▮▮▮▮▮▮▮▮)

Third District—December 11, 1975.

Harry H. Sonnemaker, Jr., of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Gladys Shelton appeals from a felony theft conviction and from a sentence of 2 to 6 years in the penitentiary. The three issues raised on appeal concern identification testimony, alibi defense, and sentencing.

According to the trial testimony, defendant and another young black woman approached Willett Lee about 12:30 p.m. on June 17, 1974, on the sidewalk near the furniture store where Mrs. Lee worked as a cleaning lady. Defendant placed a gun against Mrs. Lee's side and told her to give them all her money or they would kill her. Mrs. Lee, who was elderly and poorly educated, went with defendant by taxicab to a savings and loan office where she withdrew her life savings of $4,500. She was given a check which defendant and Mrs. Lee then took to a bank where they obtained $4,500 cash. At both the bank and the savings and loan office, defendant stated that she was a relative of Mrs. Lee's, and that she needed cash to post bail for her husband. Thereafter defendant and Mrs. Lee met the other young woman on the courthouse steps, and Mrs. Lee turned over the cash to her. Following defendant's arrest, she was indicted by the Peoria County grand jury for armed rob-

bery, and, at the conclusion of the trial, the jury returned a verdict of guilty of theft by threat.

After a sentencing hearing, the trial judge sentenced defendant to a term of 2 to 6 years in the penitentiary.

■■ Defendant claims that the trial court erred in denying her motion to suppress the in-court identification of defendant by Ingrid Roberts, the bank teller who cashed the check.

We first note that defendant's oral motion, as set out in the report of proceedings, was "to suppress the in-court identification of Debbie Garland * * *." Since Mrs. Garland, the savings and loan teller, made no in-court identification, the motion was meaningless, and the alleged error argued in the briefs of both parties is not presented in the record. Consequently this issue is not properly before us on appeal.

■■ Furthermore, even if the motion to suppress had been directed to Miss Roberts' testimony, the ruling of the trial court was not erroneous under the circumstances. Mrs. Lee and defendant were in front of Miss Roberts' teller window at the bank for a total of 15 minutes. During that time Miss Roberts observed and conversed with defendant for 7 or 8 minutes at close range with good lighting, and she recalled the conversation and unusual circumstances of this transaction in considerable detail. The same afternoon, after the robbery was reported, Miss Roberts assisted police in preparing a composite description of defendant. The next day, before defendant was in custody, the police showed her two pictures, one of which she identified as defendant. Four days later she identified defendant in a lineup.

During the trial, defendant, at her own request, sat in the next to last row of the audience section of the courtroom next to three other young black women. Miss Roberts selected defendant from the audience in very positive terms, stating that she was basing her identification on her recollection of defendant at the bank and that she was not influenced by the photograph she had been shown 6 months earlier.

Defendant maintains that the photographic identification procedure was so suggestive that it tainted Miss Roberts' subsequent lineup and in-court identifications.

In similar cases, Illinois courts have held that in-court identification is admissible where it was based on an origin sufficiently independent of the photographic identification, so that it does not give rise to a very substantial likelihood of irreparable misidentification. (*People v. Williams* (1975), 60 Ill.2d 1, 322 N.E.2d 819; *People v. Rodgers* (1972), 53 Ill.2d 207, 290 N.E.2d 251.) Therefore, we need not decide whether the photographic identification was suggestive inasmuch as we find that the record in this case clearly establishes an independent basis for the in-

court identification. *People v. Scott* (1st Dist. 1974), 23 Ill.App.3d 956, 320 N.E.2d 360.

■■ A reviewing court must scrutinize all of the circumstances surrounding the identification procedure. The circumstances here are nearly identical to those in *People v. Williams.* In both cases the witness observed the defendant for at least 7 minutes at a distance of just a few feet, and throughout extensive cross-examination, remained positive that her in-court identification was based on her memory of the transaction at the bank and not on the photograph she had viewed earlier. Furthermore, in *Williams,* as here, both the photographic and lineup identifications were made when the witness' memory was fresh, and all three identifications were made positively and without hesitation. We think it also relevant that the perpetrators of a serious felony were still at large and in possession of a large sum of money so that it was essential that the police determine whether they were on the right track so that the defendant could be apprehended. See *Simmons v. United States* (1968), 390 U.S. 377, 19 L.Ed.2d 1247, 88 S.Ct. 967.

We believe *Williams* is controlling in the case before us, and that Miss Roberts' in-court identification was admissible.

Defendant next complains that the State failed to sustain the burden of proving her guilty beyond a reasonable doubt in view of her alibi evidence which, she argues, raised an affirmative defense. Section 3—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 3—2) provides in part:

"(b) If the issue involved in an affirmative defense is raised then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense."

Defendant relies upon *People v. Wheeler* (1955), 5 Ill.2d 474, 126 N.E.2d 228, which held that an alibi was an affirmative defense, and defendant argues that the State had the burden of disproving her alibi. (Defendant neglects to mention that *Wheeler* also held that a defendant had the burden of proof to establish an alibi.) However, *Wheeler* was overruled in *People v. Pearson* (1960), 19 Ill.2d 609, 169 N.E.2d 252, where the court reasoned that evidence placing defendant somewhere other than the scene of the crime is merely one method of negating the prosecution's evidence showing that the defendant committed the crime. The court then ruled that alibi evidence does not raise an affirmative defense under the statute, and that defendant does not have the burden of proving the alibi.

■■ When defendant introduced her alibi evidence, no additional element of proof was added to the State's case. The State, of course, had

the burden of proving the defendant guilty beyond a reasonable doubt, and the question for the jury to decide was whether defendant's alibi evidence was sufficient to raise a reasonable doubt as to defendant's presence at the time and place of the crime. *People v. Brown* (1972), 52 Ill.2d 94, 285 N.E.2d 1.

■■ In the case at bar, defendant's babysitter and a friend testified that she was at home on her lunch hour at the time of the crime, and an insurance agent testified that she visited his office a short time before the crime. The prosecution's rebuttal witnesses contradicted and impeached much of the testimony of the babysitter and the friend. It was the function of the jury to determine the credibility of the alibi witnesses to weigh the totality of the testimony, and their verdict will not be disturbed merely because of conflicting evidence. *People v. Brown.*

Defendant finally declares that the findings of the trial judge at sentencing were expressly in justification of a sentence of imprisonment, as opposed to probation, under section 5—6—1 of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, § 1005—6—1), and that additional findings were required to impose a sentence greater than the statutory minimum of one year under section 5—8—1.

Section 5—6—1 of the Unified Code of Corrections provides:

> "(a) The court shall impose a sentence of imprisonment upon an offender if, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:
>
> (1) his imprisonment is necessary for the protection of the public; or
>
> (2) the offender is in need of correctional treatment that can most effectively be provided by a sentence to imprisonment; or
>
> (3) probation or conditional discharge would deprecate seriousness of the offender's conduct and would be inconsistent with the ends of justice."

Section 5—8—1(c)(4) provides a 1-year minimum sentence for a Class 3 felony "unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum * * *."

The court here found that "probation would deprecate the seriousness of the defendant's conduct and would be inconsistent with the ends of justice. Therefore I'm going to take the State's Attorney's recommendation [of a 2- to 6-year sentence] * * *." Thus the court stated its reasons for denying probation, and gave no additional reasons for imposing a 2-year rather than a 1-year minimum.

Defendant cites *People v. Belleville* (5th Dist. 1974), 20 Ill.App.3d 1088, 314 N.E.2d 35, where the sentence was reduced on appeal because, although there was evidence to sustain a denial of probation, there was no evidence in addition which would justify a sentence in excess of the minimum. (See also *People v. Hammonds* (5th Dist. 1974), 21 Ill.App. 3d 5, 314 N.E.2d 711; *People v. Matychowiak* (5th Dist. 1974), 18 Ill. App.3d 739, 310 N.E.2d 394.) All of these cases are distinguishable on their facts from the case at bar.

■■ The general rule followed by this court was recently stated by Mr. Justice Alloy as follows:

> "While it is preferable for a trial court, if feasible, to state specifically for the record, reasons for imposing a higher minimum term than the statutory minimum, this requirement is not absolute, and it is sufficient if the record itself reflects a basis upon which the enhanced minimum term may rest." *People v. Partee* (3d Dist. 1975), 29 Ill.App.3d 423, 425, 331 N.E.2d 111, 113. See also *People v. Taylor* (1st Dist. 1974), 25 Ill.App.3d 396, 323 N.E.2d 388.

This rule is controlling in the case at bar. As in *People v. Partee*, the sentencing judge here was also the trial judge who heard all the evidence at trial; furthermore he had a detailed presentence report and heard evidence in aggravation and mitigation. Taking into account the evidence that defendant had two earlier convictions for deceptive practices, that she was on probation at the time this offense was committed, and that she used a gun to threaten the elderly victim in order to obtain $4,500, we believe the sentence of 2 to 6 years was fully justified by the record, and we see no reason for modification of the sentence.

Judgment affirmed.

STOUDER, P. J., and BARRY, J., concur.