THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee *v.* JOHN EDWARD HAWKINS, a/k/a JOHN EDWARD THORNTON, Defendant-Appellant.

(No. 11439;

Fourth District—January 11, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The defendant pleaded guilty to the theft of an automobile and was sentenced to a term of one to five years.

It is urged upon appeal that the guilty plea must be set aside for failure to advise the defendant that, as a consequence of his plea, the court and State's Attorney would or might recommend to the Pardon and Parole Board that "he not be given an early parole", and that such plea is invalid by reason of the violation "of the plea agreement by the Court and Prosecutor". It is asserted that subsequent to the sentence, the State's Attorney prepared and the court endorsed a "Statement" to the Pardon and Parole Board that the defendant was unfit for early parole by reason of his antagonistic attitude in the proceedings. Ill. Rev. Stat. 1969, ch. 108, par. 203.

■■ It should be unnecessary to point out that parole is not a function of either the court or of the State's Attorney. It is equally clear that without more the "Statement" submitted by the State's Attorney to the Parole Board is not a part of the record on appeal under the provisions of Supreme Court Rule 608, effective January 1, 1970.

■■ This appeal does not concern plea negotions in which the court participated under the provisions of Supreme Court Rule 402, effective September 1, 1970. We particularly note that the statement that the trial court violated a plea agreement is utterly without merit and is inappropriate in argument here. The record shows that on August 14, 1970, defendant appeared with counsel and asked to withdraw his original and prior plea of not guilty, and that thereupon the court advised defendant in detail concerning his right to a jury trial. In response to explicit inquiries of the court, defendant stated that there had been no promises concerning punishment or probation, and that he was pleading guilty because he had, in fact, committed the act charged. At this time, nothing in the record disclosed to the court the possibility of a negotiated plea.

On September 10th, a hearing was had upon defendant's application for probation. After consideration of the evidence, probation was denied. When the court asked the State's Attorney concerning any recommendation for sentence, the State's Attorney for the first time stated that "this was a negotiated recommendation prior to the plea". The court promptly

pointed out that he might reject such recommendation, but he ultimately imposed sentence as recommended. With such a record we conclude that the argument that the court violated a plea agreement should not be countenanced.

■■ In *People v. Chaney* [1] (Ill.App.2d) it was held after careful consideration of the relevant authorities, that the trial court need not admonish the defendant that as a consequence of a plea of guilty the State's Attorney or some other person might oppose his parole. We reiterate this rule.

The defendant cites *People v. McKirdie*, 45 Ill.2d 300, 259 N.E.2d 16; *People v. Baron* (Ill.App.2d), 264 N.E.2d 423 and *People v. Cassidy*, 90 Ill.App.2d 132, 232 N.E.2d 795. In each case the issue was whether it was error to deny a motion to withdraw a plea of guilty. Each motion was supported by affidavits or other evidence that the plea was, in fact, induced by negotiations that provided for probation without incarceration. Such cases contain matters of record which are a proper subject of review. Here, we have argument but no reviewable issues.

Defendant argues that if the State's Attorney did not believe that the defendant should be eligible for parole within eleven months, he should not have agreed to recommend a minimum of one year. While such argument may be a sharp point in some elementary forms of debate, we doubt that it is sound in terms of defendant's ultimate release after sentence.

Defendant has cited, as supplemental authority, *Santobello v. New York*, No. 70-98 in the United States Supreme Court with opinion filed December 20, 1971. That case concerned a motion to withdraw a plea where defendant's affidavit set forth that he entered a plea of guilty following the prosecutor's commitment that the latter would make no recommendation as to sentence. Upon the record, the fact of the commitment and its violation were not seriously contended. *Santobello* is within the ambit of *McKirdie* and the several cases already noted.

The judgment is affirmed.

Judgment affirmed.

SMITH and CRAVEN, JJ., concur.

---

[1] No. 11449, filed in this Court on December 22, 1971.