THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY BROOKS, Defendant-Appellant.

(No. 11476; █████████)

Fourth District—April 18, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac, (Richard E. DeMoss, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of armed robbery upon his plea of guilty and sentenced to a term of three to ten years. Upon appeal it is urged that the court erred in accepting such plea when defendant had been erroneously informed that the minimum sentence was one year rather than the statutory two years. (Ill. Rev. Stat. 1969, ch. 38, par. 18-2(b).) It is further urged that the court erred in considering alleged arrests for

which there had been no conviction. It is not contended that the sentence is excessive.

On January 27, 1970, counsel was appointed for defendant and was present in open court. After admonition by the court, indictment was waived and at counsel's request the case was continued for one week so that counsel might examine the information. On February 3, 1970, defendant was present with his appointed counsel, at which time the court admonished in detail concerning defendant's right to a jury trial. The mistaken statement of the minimum sentence provided by statute was made at this time. Defendant tendered his plea of guilty. The court inquired in detail as to the voluntary nature of the plea, and the court accepted such plea when the defendant persisted after admonitions. Defendant thereupon filed a petition for probation, and the cause was continued for a probation report.

■■ Defendant urges that the erroneous statement of the minimum sentence for armed robbery made the court's admonition inadequate under Supreme Court Rule 401(b), then in effect, to inform defendant of the consequences of his plea, and that the defendant entered such plea in reliance upon the admonition that he faced a one year minimum. The latter contention is belied by the record which discloses the following colloquy:

"The Court: Why are you pleading guilty?

Defendant: I am guilty, why not? There is no doubt about it."

It is noted that the present Supreme Court Rule 402, which requires an express statement of a minimum and maximum sentence which may be imposed, was not effective until the first of September, 1970. Ill. Rev. Stat. 1969, ch. 38, par. 113-4(c) provided that a plea of guilty:

"(S)hall not be accepted until the court shall have fully explained to the defendant the consequences of such plea and the maximum penalty provided by law which may be imposed by the court * * *."

Ill. Rev. Stat. 1969, ch. 38, par. 115—2 provides:

"(a) Before or during trial a plea of guilty may be accepted when:

* * *

(2) The court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea."

The Supreme Court Rule 401(b), in effect, provided that the court shall not permit a plea of guilty unless the court finds from proceedings in open court that defendant understands "(T)he consequences thereof if found guilty", and "(C)omprehends the nature of the crime with which he is charged and the punishment thereof fixed by law * * *."

Defendant's argument was passed upon in *People v. Carter* (1970), 107 Ill.App.2d 474, 246 N.E.2d 320, *cert.* den. 397 U.S. 1008, 25 L.Ed.2d 421. In that case the court's admonition upon a plea of aggravated kidnaping misstated the minimum sentence as one year rather than two years. Defendant contended that such form of admonition did not satisfy the requirements of Ill. Rev. Stat., ch. 38, par. 113—4(c), or Supreme Court Rule 401(b). Upon review, the court noted that the defendant was correctly advised of the maximum sentence as required by ch. 38, par. 113—4, and that there was no prejudice shown by the misstatement of the minimum period of sentence. That opinion cited *People v. Kontopoulos*, 26 Ill.2d 388, 186 N.E.2d 312. In that case the court's admonition was challenged as not meeting the requirements of the then Supreme Court Rule 101.26(3), which was in the same language as the Rule 401(b) here concerned. The court said:

"The admonishment of the court must be read in a practical and realistic manner. (*People v. Doyle*, 20 Ill.2d 163, 169 N.E.2d 250.) The object of the admonishment is to inform the defendant of the consequences of his plea of guilty and to give him the right to withdraw his plea of guilty if, after hearing the consequences, he desires to be tried by a jury. (*People v. Wilke*, 390 Ill. 598, 62 N.E.2d 468.) In our opinion this object was fully accomplished when the court advised the defendant of the maximum penalty which could be imposed."

Defendant cites *People v. Terry*, 44 Ill.2d 38, 253 N. E.2d 383; *People v. Ballheimer*, 37 Ill.2d 24, 224 N.E.2d 811 and *People v. Medley*, 122 Ill.App.2d 279, 258 N.E.2d 392. Those opinions concerned instances where the court's admonition stated that there would be an "indeterminate" sentence without further clarification, or such admonition otherwise failed to advise of a maximum sentence which might be imposed. It is apparent that in such cases there was a failure to follow the requirement that the maximum penalty be stated as required by the rule in *Kontopoulos*.

■■ Defendant urges as error that the court considered arrests for which there were no convictions. It is misleading to state that the records show that such was a part of "[T]he probation-sentencing hearing". The probation hearing was held on March 17, 1970. The case was then continued to March 31, 1970, and on the latter date the court was first advised that evidence in aggravation and mitigation was to be waived.

At the probation hearing on March 17th, defendant, following his counsel's interrogation, stated that he had no prior convictions. The court inquired as to arrests. Upon counsel's subsequent interrogation,

defendant then admitted the fact of his participation in a burglary a short time prior to the offense at issue. Such judicial admission brings a standard of truth at least equal to, if not greater than, a conviction of record. It is apparent that the court was not considering a speculative disposition of such arrest, either for purposes of determining probation or for purposes of a proceeding under Ill. Rev. Stat. 1969, ch. 38, par. 1—7(g).

■■ We find no error in the fact that the court commented at the probation hearing, and at the sentence hearing upon the fact that defendant had failed to appear at the first hearing set on the petition for probation, and that his bond had been forfeited. The record makes clear that the judge was concerned with the evidence that defendant had driven some 500 miles to Arkansas to buy a shotgun, that his companion had immediately sawed the barrel and stock for the admitted purpose of using it in a robbery, and that this armed robbery was committed as they were returning from such trip.

The judgment is affirmed.

Judgment affirmed.

CRAVEN and SIMKINS, JJ., concur.