(No. 44972.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHN EDWARD HAWKINS, Appellant.

*Opinion filed May 21, 1973.*

Illinois Defender Project, of Chicago (KENNETH L. GILLIS, District Defender, BARRY RAND ELDEN, Assistant District Defender, and MATTHEW J. MORAN, Deputy Director, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BASIL G. GREANIAS, State's Attorney, of Decatur (JAMES B. ZAGEL and MELBOURNE A. NOEL, JR., Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

An indictment was returned in the circuit court of Macon County charging defendant, John Hawkins, with theft of property (an automobile) in excess of $150 in value. (Ill. Rev. Stat. 1969, ch. 38, par. 16–1.) On August 14, 1970, defendant appeared and, after being thoroughly admonished of his rights by the trial court, pleaded guilty. On September 10, 1970, the trial court rejected defendant's request for probation and at this juncture was advised by the prosecution that its recommendation of 1 to 5 years in the penitentiary was negotiated with defendant prior to his guilty plea. Defense counsel admitted that this

was the agreement. The trial court accepted the recommendation and sentenced defendant accordingly. The court then informed defendant of his right to appeal and directed that he be furnished a free transcript of the proceedings. Counsel was appointed by the court to represent him on appeal, and the clerk of the court was directed to file the requisite notice of appeal.

Thereafter, pursuant to law (Ill. Rev. Stat. 1969, ch. 108, par. 203), a "statement" was prepared by the prosecution in which the trial court concurred. Contained therein was a recommendation to the parole board which read as follows:

> "Please be advised that this defendant exhibited an antagonistic attitude throughout the proceedings in this matter and seems to feel that society is discriminating against him. His attitude was further one of militance and it is our opinion that he would be an unfit subject for early parole because of the probability of his initiating trouble of an interracial nature."

On appeal defendant contended that his guilty plea must be set aside because he was not advised such recommendation would be made and that the trial court and prosecutor violated the plea agreement by such course of action. The appellate court affirmed his conviction (*People v. Hawkins (1972), 3 Ill. App. 3d 359*), and we granted leave to appeal.

Defendant now claims that his reasonable expectation of a prosecution recommendation for the 1-to-5-year sentence was the possibility of parole after one year incarceration, less credit for good behavior. (Ill. Rev. Stat. 1969, ch. 38, par. 123—2.) However, he maintains that the one-year minimum was effectively nullified by the above recommendation thereby defeating what, he asserts, was reasonably due him under the circumstances. Therefore he argues that the procedure utilized in this instance was fundamentally unfair and resulted in a breach of the negotiated plea agreement. He further urges that his conviction be reversed and the cause remanded to afford

him an opportunity to withdraw his plea because at no time was he advised that as a "consequence" of his plea a recommendation might be made which would be adverse to his early parole.

Under the law existing prior to January 1, 1973, the effective date of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1001—1—1 *et seq.*), the statement of the trial judge and State's Attorney, furnished to the Parole and Pardon Board, might contain all "information accessible to them in regard to the career of the prisoner or ward prior to the time of the commitment for the crime or offense of which he or she was convicted or committed relative to his or her habits, associates, disposition and reputation and any other facts and circumstances which may tend to throw light upon the question as to whether such prisoner or ward is capable again of becoming a law-abiding citizen \*\*\*. The official court reporter \*\*\* shall write the official statements of the judge and State's attorney \*\*\* at the time of the conviction or commitment of the prisoner or ward." The clerk of the court was then to compile this statement and other enumerated materials and attach such to "a copy of the judgment, order or record of conviction, to be certified as a mittimus." This was to be given to the sheriff who would transmit it to the institution at the time of defendant's delivery there. Ill. Rev. Stat. 1969, ch. 108, par. 203.

After examination of this statute, it is clear that material relating to the observations of the trial court and State's Attorney was properly includable in the "statement" of which defendant now complains. In addition the expeditious compilation of such statement was mandated by statute. We therefore find that the filing of said material shortly after sentencing may not be considered a fundamentally unfair procedure.

The parole recommendation contained therein, while not specifically enumerated in the statute, may be construed as pertaining to "other facts and circumstances"

which might be utilized in determining if a defendant should be released on parole. Furthermore, under prior law the State's Attorney and sentencing judge were to be notified prior to a parole hearing presumably in order to afford them an opportunity to express their views regarding the propriety of parole for a defendant. (See Ill. Rev. Stat. 1971, ch. 108, par. 206.) From a practical standpoint, the passing of time between sentencing and a defendant's initial parole hearing might result in diminution of recall of such former pertinent observations which might aid the parole board in determining if parole should be granted. We find that such recommendation made shortly after defendant's sentencing was not improper. We further note that the Unified Code of Corrections basically carries forward the same procedure as applied to the State's Attorney as was done under former law. See Ill. Rev. Stat., 1972 Supp., ch. 38, pars. 1003—3—4, 1005—4—1.

To support his position that the plea agreement was violated, defendant primarily relies upon *Santobello v. New York (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495.* In that case the prosecution clearly violated its prior agreement not to recommend a sentence. *Santobello* is inapposite to the present case, for examination of the record here neither explicitly nor inferentially discloses that any promises had been made regarding the statutorily required observations of the trial court and State's Attorney.

Defendant's plea was entered pursuant to former Rule 401 (Ill. Rev. Stat. 1969, ch. 110A, par. 401(b)), which provided that before a guilty plea might be accepted the trial court must establish that defendant understood the "consequences thereof if found guilty." It is now argued that defendant should have been advised that as a "consequence" of his plea an unfavorable parole recommendation might be made. We are aware of numerous Federal Court of Appeals decisions which have held that a

defendant must be admonished that as a "consequence" of his pleading guilty he is precluded from parole eligibility. (See *Moody v. United States (8th cir. 1972), 469 F.2d 705*, and cases therein cited.) However, those decisions involved Federal narcotic violations, which by express statutory provision totally negated parole.

The authority to parole has been delegated to the Parole and Pardon Board. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1003—3—1.) Parole has been classified as a matter of grace and clemency (*People ex rel. Kubala v. Kinney (1962), 25 Ill.2d 491, 493*) to which one incarcerated for a criminal offense has no right even though he may be eligible, because he may not demand his discharge before the maximum term of his sentence has expired. (*People ex rel. Jones v. Brantley (1970), 45 Ill.2d 335, 338.*) In the present case defendant would become statutorily eligible for parole upon the completion of the minimum sentence imposed, and defendant's contention that said recommendation affected his possibility of parole is mere conjecture.

We hold that the statement made in the present case was not a "consequence" of defendant's guilty plea thereby requiring a specific admonishment in this regard. The trial court sufficiently established that defendant's plea was not coerced, informed him of his constitutional rights and described the possible range of penalties. The statement was merely a collateral matter.

For these reasons the judgment of the appellate court is affirmed.

*Judgment affirmed.*