THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MILO H. CROSS, Defendant-Appellant.

(No. 74-31; ▮▮▮▮▮▮▮)

Third District—April 25, 1975.

Dennis A. Norton, of Kankakee, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, and F. Stewart Merdian, of Illinois State's Attorneys Association, of Ottawa (Michael Weinstein, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Milo H. Cross appeals from the sentence imposed by the Circuit Court of Kankakee County for the crime of aggravated battery, following defendant's guilty plea. Defendant was sentenced to the Department of Corrections for a period of not less than 18 months nor more than 6 years with credit for time served.

From the record made in the hearing in aggravation and mitigation, it is noted that when defendant arrived at his former residence where his estranged wife and children were living, he was armed with a pistol. A neighbor, seeing the pistol, lunged at the pistol, causing the gun to discharge. Defendant's wife then put herself and her children in her automobile. Defendant followed her, however, and fired into the window of the automobile from a range of less than 5 feet and this shot struck his wife in the hip. It was preceded by defendant's statement, "Hey, babe, you're dead." Defendant thereafter returned to his truck. There also was evidence that defendant had struck his estranged wife on previous occasions and had stated to a friend, about a week prior to the shooting, that defendant intended to shoot either his wife or himself.

Medical testimony indicated that defendant was a moderate drinker and that the probability of repeated violence was remote. Defendant was apparently distressed by reason of marital difficulties with his wife for 4 or 5 years previous to the shooting incident, and, notably by reason of an apparent adulterous relationship with another man in the preceding year. Following his arrest and subsequent release on bail, defendant voluntarily undertook treatment and care at a mental health clinic. He was employed earning approximately $750 a month. He stated that he could resist any further urges toward violence. He was an 8-year Air Force veteran. A psychiatrist testified that defendant suffered a nervous breakdown accompanied by amnesia. He noted that the violence was occasioned by marital problems and that the psychiatrist could not ascertain whether defendant would repeat the violence in the future. Defendant had no previous criminal record.

Defendant's counsel points out that there is a 1-year minimum provided for aggravated battery which is a Class 3 felony (Ill. Rev. Stat. 1973, ch.

38, §§ 12—4, 1005—8—1(c)(4)). A higher minimum may be set, if justified by the nature of the offense and the character of the offender. Defense counsel alleges that the trial court acted improperly when it denied probation to defendant and asserts that the scope of review of sentence should not be limited to whether the trial court abused its discretion. Defendant contends a court of review should implement the philosophical underpinnings of sentencing as reflected in the American Bar Association Standards on Appellate Review. It is pointed out in the briefs, and is argued, that the general objectives of sentencing should involve a review emphasizing rehabilitation, and, also, it is contended that the purposes set forth by the legislature in enacting the Unified Code of Corrections clearly emphasizes the restoration of offenders to useful citizenship. Specifically, it is urged that there should be no limit to the area of review such as has been set forth in *People v. Hicks*, 35 Ill.2d 390, 398.

■■   While we appreciate the sincerity and thought which has motivated the presentation by defendant's attorney of the position that the appellate court's scope of review of sentencing should not be limited to an abuse of discretion by the trial court, but we must observe that we are bound by the observations of the supreme court in *People ex rel. Ward v. Moran*, 54 Ill. 552, 301 N.E.2d 300, where the court specifically indicated that a court of review does not have authority to reduce a penitentiary sentence to probation as requested by appellant in this case.

While we are authorized under the terms of Supreme Court Rule 615 (b)(4) to reduce the punishment imposed by a trial court, and under article I, section 11, of the 1970 Illinois Constitution, we should be aware that penalties must be determined both according to the seriousness of the offense and with the objective of restoring defendant to useful citizenship. The issue of whether or not a sentence of probation best serves the interests of the individual and of society is a basic conclusion which is left to the discretion of the trial court. Certainly, if there has been an abuse of discretion, or the court has acted arbitrarily in denying probation, this defendant could be entitled to a remandment before a different judge for a further hearing in aggravation and mitigation. If the record which is presented to us does not indicate such an abuse of discretion, then we should affirm the action of the trial court. See *People v. Jones*, 18 Ill.App.3d 1023.

It is difficult to establish any specific guidelines on the basis of which to determine whether probation or incarceration in prison is an appropriate sentence. Under section 5—6—1 of the Unified Code of Corrections, we note that the court should have regard to the nature and circumstances of the offense and the history, character and condition of defendant in imposing punishment. The court should determine (1)

whether imprisonment is necessary to protect the public, or (2) whether correctional treatment can best be provided by incarceration or (3) whether probation would be consistent with the seriousness of the offense and the ends of justice.

● 2 Upon a review of the facts which have developed in this case, we cannot say that the trial court acted improperly or abused its discretion in denying probation. There were a number of mitigating factors, including the fact that the violence was caused by marital problems and was arguably the result of excessive alcohol consumption. The record shows an attempt at self-help and steady employment after the incident and the absence of a criminal record. There were, however, factors in aggravation which support the imposition of an incarceration 6 months greater than the statutory minimum. We are speaking here of the use of the weapon; the repeated firing of the weapon; and the fact that defendant left the scene of the incident without summoning aid, coupled with some evidence of premeditation involved in the statement to a friend referred to in this opinion.

We do not believe, in the light of the *Moran* case and the other precedents to which we have referred, that we could find that the trial court abused its discretion.

For the reasons stated, the judgment and sentence of the Circuit Court of Kankakee County should be and is herewith affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.