THE ·PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FLORENCE DAWSON, Defendant-Appellant.

(No. 75-59; ⬛)

Third District—December 3, 1975.

O'Hern, O'Hern & Wombacher, of Peoria (John F. Boos, of counsel), for appellant.

Michael M. Mihm, State's Attorney, of Peoria, for the ·People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant plead guilty to involuntary manslaughter in the Circuit Court of Peoria County and was sentenced to a term of from three to nine years in the penitentiary. The sole question raised on appeal is whether the sentence is excessive.

The State's evidence showed that on December 10, 1973, defendant was driving her automobile in a northerly direction while in the ·southbound lane of Route 29 in Peoria County. While she was proceeding in this manner, several motorists attempted unsuccessfully to flag her down. After driving approximately one mile in the southbound lane, she collided with a motorcyclist, which resulted in the motorcyclist's death.

The record indicates that defendant was intoxicated at the time of the accident. The evidence further shows that defendant was in a tavern shortly before the accident and was refused service because the barmaid felt that defendant was intoxicated.

Although defendant did not have any prior felony convictions, the State presented evidence which showed a 1971 conviction for reckless driving which had been reduced from a charge of driving while intoxicated and a 1972 conviction for illegal transportation of liquor. A presentence report was filed, which indicated that defendant had been under emotional stress due in large part to marital problems. A probation officer testified that if defendant were placed on probation, strict supervision and counseling would be recommended.

■■ In determining the appropriate sentence, the trial court must consider the nature of the offense, the need of society for protection, and the rehabilitative potential of the individual defendant. Although this court has the power to reduce a sentence under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, § 615(b)(4)), it is well established that a sentence within the limits prescribed by the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1001—1—1 *et seq.*) will not be disturbed unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the proscriptions of the Illinois Constitution. (*People v. Sprinkle*, 56 Ill.2d 257, 307 N.E.2d 161 (1974); *People v. Cole*, 23 Ill.App.3d 620, 321 N.E.2d 71 (3d Dist. 1974).) The trial court is ordinarily in a superior position to determine the proper punishment than is a reviewing court. *People v. Jones*, 2 Ill. App.3d 636, 276 N.E.2d 759 (3d Dist. 1971).

■■ In the instant case, the record indicates that defendant, while intoxicated, drove her automobile in an extremely reckless manner. There was further evidence that defendant had on occasion operated a motor vehicle after consuming intoxicating liquor, a dangerous practice which often leads, as here, to tragic and preventable results. The trial court had before it ample evidence concerning the defendant's history and character and the nature of the offense to aid the court in determining the appropriate punishment. Having reviewed the record, we do not believe that the trial court abused its discretion or imposed an excessive sentence. Accordingly, the judgment and sentence of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.