THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY SMITH, Defendant-Appellant.

Third District No. 74-347

Opinion filed February 9, 1976.

James Geis and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (F. Stewart Merdian and Russell H. Boothe, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, Terry Smith, was indicted for one count of murder and one count of voluntary manslaughter. In accordance with the terms of a negotiated plea, defendant plead guilty to voluntary manslaughter and was sentenced to a term of imprisonment for not less than 6⅔ years nor more than 20 years. The murder count was dismissed on motion of the State. The issues presented by this appeal are whether defendant's

guilty plea was involuntary due to a misrepresentation by the trial court and whether the sentence was excessive.

During the course of the guilty plea proceeding, the trial court admonished defendant pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, §402) and then made the following statement:

> "Now, I must also say to you that you are eligible for parole after three years and you will be given credit for the time you have spent over here."

In actuality, defendant will not be eligible for parole until after serving approximately 4 years and 7 months. Defendant contends that, although the trial court was not obligated to provide him with this information, nevertheless, the misrepresentation rendered his guilty plea involuntary and unintelligent.

■■ A guilty plea must be shown to have been entered voluntarily and with knowledge of the consequences of the plea. (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.) Although compliance with Supreme Court Rule 402 is normally sufficient to demonstrate a valid plea, a guilty plea will be reversed if it appears that the plea was obtained by unfulfilled promises of a reduced sentence or by misrepresentations as to the sentence to be imposed. (*People v. Washington* (1967), 38 Ill. 2d 446, 232 N.E.2d 738.) However, this court will not reverse a judgment of conviction merely because error was committed unless it appears that real justice has been denied. *People v. Dudley* (1974), 58 Ill. 2d 57, 316 N.E.2d 773.

For example, in *People v. Brooks* (4th Dist. 1972), 4 Ill. App. 3d 835, 282 N.E.2d 187, the trial court understated the minimum sentence for armed robbery before accepting the defendant's guilty plea. Although at that time the rule governing guilty pleas did not require admonition as to the minimum sentence (Ill. Rev. Stat. 1969, ch. 110A, §401(b)), the defendant contended that this misstatement rendered his plea involuntary. After reviewing the record, the court held that error was not prejudicial because there was no indication that the defendant had entered his plea in reliance on this misrepresentation, citing *People v. Carter* (2d Dist. 1969), 107 Ill. App. 2d 474, 246 N.E.2d 320, *cert. denied* (1970), 397 U.S. 1008, 25 L. Ed. 2d 421, 90 S. Ct. 1236. See also *People v. Hartman* (2d Dist. 1972), 6 Ill. App. 3d 543, 285 N.E.2d 600.

In the instant case a negotiated plea was tendered to the court after months of negotiations between the parties. The record shows full and complete compliance with Supreme Court Rule 402. We note the statement by defense counsel to the trial court that:

"I would add this matter and this decision comes after many months of discussion with Mr. Smith  *  *  *  and also after discussions with members of Mr. Smith's immediate family."

During the court proceedings, the following colloquy occurred:

"THE COURT: Do you understand the Negotiated Plea that's being presented here?

THE DEFENDANT: Yeah.

THE COURT: And do you agree so far?

THE DEFENDANT: Yeah."

Further referring to defense counsel, the court asked the defendant:

"THE COURT: Are you satisfied with the terms and services rendered and things done by him?

THE DEFENDANT: Yeah."

Finally the court stated:

"[U]pon agreement reached between the defendant and his counsel and the Prosecutor and concurs in and is accepted by the Court be and the defendant is sentenced to imprisonment for a period of not less than 6⅔ years and not more than 20 years with a right to parole as provided by law."

■■ Parole eligibility is a collateral consequence, and a defendant need not be admonished as to all the collateral consequences of his plea. (*People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E. 507; *People v. Hawkins* (1973), 54 Ill. 2d 247, 296 N.E.2d 725.) In *Hawkins*, a statement was prepared by the prosecution and trial court after sentencing which recommended to the Parole Board that defendant not be released at his earliest parole eligibility. Our supreme court held that the failure to advise defendant of this statement did not affect the voluntariness of his plea. Parole is a matter of grace and clemency, and a prisoner may not demand his discharge before the maximum term of his sentence has expired. Numerous factors, including defendant's conduct in prison, are considered by the Pardon and Parole Board in determining when and if parole should be granted. *People v. Robinson* (3d Dist. 1974), 20 Ill. App. 3d 112, 312 N.E.2d 703.

Considering the totality of the circumstances, defendant's bare allegation that his plea was involuntary must fail. Defendant has not demonstrated any prejudice, nor does he suggest that his conduct would have been different had he been correctly advised or not advised at all. (*People v. Warship; People v. Dudley.*) This was a totally negotiated plea, with defendant receiving exactly the sentence for which he had bargained over a period of several months. Under these circumstances, we are not persuaded by defendant's claim that his plea was involuntary

where that claim is unsupported by any facts other than the trial court's misstatement. *People v. Long* (3d Dist. 1975), 27 Ill. App. 3d 457, 326 N.E.2d 204.

In *People v. Ellis* (1974), 59 Ill. 2d 255, 320 N.E.2d 15, defendant contended that the failure of the trial court to determine whether his plea had been induced by force, threats or promises apart from the plea agreement constituted reversible error. Our supreme court stated:

> "If upon review of the entire record it can be determined that the plea of guilty made under the terms of a plea agreement was voluntary, and was not made as a result of force, threats or promises other than the plea agreement, the error resulting from failure to comply strictly with Rule 402(b) is harmless." 59 Ill. 2d 255, 257.

■■ Here the defendant was represented by able counsel and the record is totally devoid of any evidence showing the defendant did not understand the consequences of his plea. Having reviewed the record, we believe that the error was harmless as to this defendant. Therefore, we find that the guilty plea was intelligently and voluntarily made.

Defendant next contends that the imposition of a higher than minimum sentence was an abuse of discretion. Voluntary manslaughter is a Class 2 felony for which the minimum term shall be one year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term. (Ill. Rev. Stat. 1973, ch. 38, §1005—8—1(c)(3).) Since 20 years is the highest maximum term for a Class 2 felony, and the minimum may not exceed one-third of the maximum, defendant has received the highest term of imprisonment authorized by the legislature.

The State's evidence showed that, on the night of the killing, defendant was at the deceased's apartment. The two men became involved in a dispute, at which time the deceased assaulted defendant with a knife and chased him from the apartment. A short time later defendant re-entered the apartment armed with a sawed-off shotgun, walked into the kitchen where the deceased was and killed him. The record also shows a prior conviction for attempt murder.

Defendant waived a presentence report, waived a sentencing hearing and declined to offer any sentencing alternatives. Defense counsel, after disclosing the terms of the plea agreement to the court, stated:

> "I believe that we are all satisfied that this is a more reasonable approach to this particular matter in light of the facts known to both the prosecution and the defense justify the second count of the indictment, but did not justify the first count."

Moreover, when questioned by the court, defendant stated that he was satisfied with the terms of the plea.

■■ It is clear that a defendant may waive a sentencing hearing as part of a negotiated plea even where a greater than minimum term of imprisonment is imposed. (*People v. Yepsen* (3d Dist. 1975), 30 Ill. App. 3d 484, 333 N.E.2d 565; *People v. Melvin* (5th Dist. 1975), 27 Ill. App. 3d 269, 327 N.E.2d 139.) In *Yepsen,* this court held that facts in the record supported the enhanced sentence, even though defendant had waived a sentencing hearing.

■■ A reviewing court will not merely substitute its judgment for that of the trial court and will modify a sentence only where the record shows an abuse of discretion or where the sentence is clearly unjustified on the record. (*People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673; *People v. Cross* (3d Dist. 1975), 27 Ill. App. 3d 785, 327 N.E.2d 81.) The sentence imposed is within the statutory limits for this particular offense. Taking into consideration the nature and circumstances of the offense and the history and character of defendant as shown by the record, we do not believe that the sentence imposed constituted an abuse of discretion by the trial court. *People v. Cole* (3d Dist. 1974), 23 Ill. App. 3d 620, 321 N.E.2d 71.

Accordingly, the judgment and sentence of imprisonment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.