THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID E. MENSSEN, Defendant-Appellant.

Third District   No. 76-71

Opinion filed September 16, 1976.

Robert E. Williams, of Bloomington, for appellant.

Robert A. Barnes, Jr., State's Attorney, of Lacon, for the People.

PER CURIAM:

Following a jury trial, defendant was convicted of disorderly conduct and sentenced to 20 days' incarceration in the county jail and ordered to pay a fine of $500. The sole issue presented by defendant's appeal is whether the sentence is excessive.

The evidence showed that on April 5, 1975, during a union strike, about 25 people were picketing the Henry Milk Products Plant in Henry, Illinois. A police officer observed a dairy truck proceeding down an alley towards a city street and the picket line. Defendant, who was business agent for the union, stood at the alley entrance so the truck could not pass and ignored the officer's request to move. The picketers crowded around the truck, and a woman fell in front of the truck claiming that she had been struck. Due to the crowd's hostile attitude, the officer radioed for assistance and then called an ambulance and had the woman removed.

Several city, county and State law enforcement personnel arrived and, because of the unruliness of the crowd, barricaded the street. Defendant and others repeatedly stood in front of the truck and were physically escorted away by the police. Defendant crawled underneath the truck and was removed. Defendant then went to the other side and again crawled underneath the truck. After defendant was removed the second time, he was placed under arrest. The officers who were at the scene testified that during the disturbance defendant was directing the crowd and was very loud and strenuous in his actions.

At the sentencing hearing, the trial court noted that, in addition to the fact that defendant twice crawled underneath the truck and repeatedly disobeyed directions of the police, the situation at the plant escalated to the point where several law enforcement personnel were needed and the city street had to be barricaded. The court also stated that defendant, as business agent for the union, must certainly be aware of the limits of legal picketing and that defendant must assume some responsibility for the entire occurrence, because the evidence showed that defendant was directing and leading the crowd.

■■ The authority of reviewing courts to reduce sentences imposed by trial courts should be applied with considerable caution, since the trial court judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do appellate tribunals. *(People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673.) Where the penalty imposed is within statutory limits, we will not reduce the penalty unless the record shows an abuse of discretion or the sentence is clearly unjustified on the record. *People v. Smith* (3d Dist.

1976), 35 Ill. App. 3d 786, 342 N.E.2d 486; *People v. Dawson* (3d Dist. 1975), 33 Ill. App. 3d 768, 338 N.E.2d 425.

The offense of which defendant was convicted is a Class C misdemeanor under the Criminal Code, section 26—1(a)(1) (Ill. Rev. Stat. 1975, ch. 38, par. 26—1(a)(1)). The maximum penalty is a fine of $500 and incarceration in the county jail for 30 days as set forth in the Unified Code of Corrections, sections 5—8—3(a)(3) and 5—9—1(a)(3) (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—3(a)(3) and 1005—9—1(a)(3)). The penalty imposed in this case, while severe, is not the maximum and is within the statutory guidelines.

■■ The record shows that the trial court carefully considered various circumstances with regard to the nature of the offense and defendant's character before imposing sentence. The trial court found several aggravating circumstances, which are supported by evidence presented at defendant's trial. Having reviewed the record, we do not believe that the penalty is excessive or constitutes an abuse of the trial court's discretion.

Accordingly, the judgment of conviction of the Circuit Court of Marshall County is affirmed.

Affirmed.