THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KEITH A. YOUNG, Defendant-Appellant.

Second District   No. 75-533

Opinion filed September 20, 1977.

Jason E. Bellows, of Chicago, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Keith A. Young, entered a plea of guilty to the offense of criminal damage to property in an amount not exceeding $150 (Ill. Rev. Stat. 1973, ch. 38, par. 21—1(a)) and was sentenced to a term of 364 days in the custody of the Department of Corrections. He brings this appeal from the trial court's order denying his motion to vacate the sentence imposed by the court.

Defendant contends on appeal that the court erred in denying his motion in that: (1) he was promised that he would be sentenced to a term of probation in return for his plea of guilty and is, therefore, entitled to "specific performance" of such promise; (2) the court improperly allowed the probation officer to make a sentence recommendation in his presentence report; and (3) his sentence is excessive.

Defendant originally was charged with the offense of burglary by a complaint filed in the trial court. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a).) A preliminary hearing was scheduled on that charge and a second pending criminal offense, referred to in the record of this case only as A-7053, to be held January 10, 1975. On that date defendant, together with his counsel and the assistant State's Attorney, appeared in court and counsel for the defendant informed the court that a plea agreement had been entered into with the assistant State's Attorney on both of the pending charges. Pursuant to this agreement the assistant State's Attorney amended the burglary complaint to charge the misdemeanor offense of criminal damage to property in an amount not exceeding $150, the court admonished defendant as to the consequences of his plea of guilty and accepted such plea. The assistant State's Attorney then informed the court that the plea agreement was that on defendant's plea of guilty to the reduced charge he should be granted leave to apply for probation and further informed the court that the plea negotiations had also encompassed case No. A-7053 and moved to nol-pros that matter. Defendant was given leave to apply for probation, the court entered a judgment of conviction for criminal damage to property in an amount not

exceeding $150 and, from the record, we cannot determine what action, if any, was taken on the motion to nol-pros. No other references were made as to the terms of the plea agreement. The court then referred the matter to the probation department for a presentence investigation and report and continued the matter for a sentencing hearing.

At the sentencing hearing, held on February 20, 1975, the court considered a presentence report prepared by a probation officer, which recommended that probation be denied, and statements by defendant's counsel and the assistant State's Attorney. Defendant's application for probation was then denied and sentence imposed. Thereafter, on February 28, 1975, defendant filed a motion to vacate the sentence and his plea of guilty. The motion was supported by defendant's affidavit in which he alleged that an assistant State's Attorney and certain police officers had, prior to the time of his plea of guilty, made out-of-court promises to him that he would be sentenced to a term of probation if his presentence report did not show many felony convictions. Defendant further alleged that his presentence report, in fact, showed no felony convictions.

At the hearing on defendant's motion the assistant State's Attorney informed the court that the State had no objection to the vacating of the judgment of conviction entered upon the defendant's plea of guilty to the misdemeanor offense of criminal damage to property and would in that event seek to prosecute defendant for the original charge of burglary. The court then continued the matter to August 28, 1975, for further hearing at which time defendant's counsel requested that the court conduct an evidentiary hearing on the representations in defendant's motion that out-of-court promises of sentence had been made to him. He also requested that, after such hearing, the court grant defendant "specific performance of the contract, and that is, that he be granted the probation that he says he was promised." The court considered defendant's motion as solely attacking the voluntariness of his plea of guilty and denied it without allowing an evidentiary hearing in view of the fact that defendant agreed he had been properly admonished by the court at the time of entering his plea of guilty as to the possible consequences of such plea, and was not presently seeking to vacate his plea of guilty.

Defendant's primary contention is that the reviewing court should grant specific performance to defendant of the sentence of probation allegedly promised to him by vacating his present sentence and entering a new judgment sentencing him to a term of probation; or, in the alternative, that we should remand the cause with directions to the trial court to conduct an evidentiary hearing into his allegations and vacate the previously imposed sentence and sentence him to probation should those allegations be determined to have substance.

Defendant also contends for the first time on appeal that not only was he promised a sentence of probation by the assistant State's Attorney and police officers but also by the trial judge. He asserts that the trial judge heard the plea agreement as stated in open court and by his silence concurred in some further, and unspoken, agreement that defendant would actually be sentenced to a term of probation by virtue of having been permitted to apply for that sentence.

We find no support in the record for defendant's assertion that the trial judge in any way suggested or agreed that he would be sentenced to probation. The only reference made to sentence at the time defendant entered his plea of guilty was that he would be granted leave to apply for probation. This statement carried with it no implication that the application would be granted and the record reflects no basis for this claim by defendant.

■■ In any event, whether or not the promises of probation as alleged by defendant were in fact made, he has submitted no authority, nor has our research revealed any authority, which would support his theory that the remedy for such claimed unfulfilled promises is specific performance either by a court of review or the trial court. Defendant has deliberately chosen to forego any challenge to the voluntariness of his plea in favor of attempting to have his present sentence vacated. His obvious purpose in doing so is to obtain the more favorable sentence of probation without losing the benefit to him of his plea of guilty to the reduced misdemeanor charge. Regardless, we find that defendant is not entitled to specific performance.

Although we have determined that specific performance is an inappropriate remedy, we believe that defendant has raised an issue regarding the voluntariness of his plea of guilty which we must address. As stated in *People v. Cashey* (1972), 4 Ill. App. 3d 920, 921, 282 N.E.2d 250, 251, "[i]t is well established in this State that a plea of guilty induced by unfulfilled promises loses its voluntary nature and shall be considered void. (*People v. Washington* 38 Ill. 2d 446; *People v. Spicer*, 47 Ill. 2d 114.)" In *People v. Tarbill* (1977), 47 Ill. App. 3d 286, 287-88, 361 N.E.2d 1178, 1179, the court considered the denial of a motion to withdraw a plea of guilty stating:

> "Whether or not a defendant should be allowed to withdraw a plea of guilty is within the trial court's discretion and the decision will not be disturbed on appeal unless there is an abuse of discretion. [Citations.] * * * Generally, the withdrawal of a plea will be allowed where it appears the plea resulted from a misapprehension, of law or fact or in consequence of misrepresentation by counsel, State's Attorney, or someone else in authority; * * *. [Citation.]"

■■ Measuring the record in the instant case by these principles we find that a proper exercise of discretion required the trial court to conduct an evidentiary hearing on defendant's motion based upon the allegations in his affidavit of unfulfilled out-of-court promises made by the assistant State's Attorney and police officers. We sympathize with the dilemma faced by the trial court in this case where the defendant's allegations indicated he believed his plea of guilty was involuntarily made, but due to his desire for the advantageous yet inappropriate remedy of specific performance of a lesser sentence defendant only sought to vacate the sentence imposed by the court. However, as the matter stands before us, defendant's affidavit states a factual issue going to the voluntariness of his plea of guilty which is unrefuted by the record and can only be resolved by a hearing. Accordingly, this cause must be remanded to the trial court for an evidentiary hearing of defendant's motion to vacate sentence. See *People v. Norris* (1977), 46 Ill. App. 3d 536, 542, 361 N.E.2d 105, 110.

■■ Defendant also contends that the trial court erred by permitting a probation officer to recommend in the presentence report that defendant's application for probation be denied. Defendant has submitted no authority, nor have we discovered any, which supports his contention. Although section 5—3—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—2), setting forth the required elements of a presentence report, does not expressly authorize a probation officer to make a sentence recommendation, we believe that the trial judge may receive such a recommendation, if he wishes to do so, without having improperly delegated his sentencing power. We find that defendant's contention is without merit.

Finally, defendant contends that his sentence is excessive and should be reduced to a term of probation because there is nothing in the record that would indicate that an adequate punishment for his offense could not be some form of probation.

■■ As stated in *People v. Smith* (1976), 35 Ill. App. 3d 786, 791, 342 N.E.2d 486, 489:

> "A reviewing court will not merely substitute its judgment for that of the trial court and will modify a sentence only where the record shows an abuse of discretion or where the sentence is clearly unjustified on the record. (*People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673; *People v. Cross* (3d Dist. 1975), 27 Ill. App. 3d 785, 327 N.E.2d 81.)"

The sentence imposed is within the statutory limits for this particular offense. At the sentencing hearing the trial court considered the statements of defendant, his counsel and the assistant State's Attorney as well as the presentence report. The presentence report indicated that defendant had previously been convicted of four misdemeanor offenses,

was sentenced to imprisonment or fined in each instance, and was 22 years old at the time of this offense which involved the nighttime break-in of a bowling alley. On the record before us, considering the nature and circumstances of the offense, and the history, character and condition of defendant (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—1(a)), we find no abuse of discretion by the trial court in denying defendant's application for probation and sentencing him to 364 days imprisonment.

For these reasons the judgment of the trial court denying defendant's motion to vacate sentence is reversed and the cause is remanded with directions to conduct an evidentiary hearing of that motion. If the trial court determines that defendant's plea of guilty was involuntary by reason of the alleged out-of-court promise, it is further directed then to vacate the judgment of conviction and sentence entered herein, reinstate the original burglary charge against defendant (and cause No. A-7053 if it was in fact nol-prossed) and allow defendant to plead anew to those charges. If the court finds that the allegations of defendant's motion are without substance after the hearing, it will deny the motion.

Reversed and remanded with directions.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.