I respectfully dissent from the denial of this petition for a writ of certiorari. I respectfully submit that one issue deserves a plain error review pursuant to Rule 39(a)(2)(D), Ala. R.App. P.
During the sentencing phase of the trial, the trial court, over the defendant's objection, *Page 999 
admitted a document entitled "Official Statement of Facts", purportedly signed by an assistant state attorney in Illinois. The document purports to summarize the facts of the prior murder the defendant had been convicted of committing in Illinois. The document reads:
 "`Defendant and victim were attending a party at 1351 S. Troop Street when they got into a verbal argument. Defendant forced victim out of the party at gunpoint. He led victim down the street while hitting him and poking him with the gun. Victim begged for his life as defendant led him to secluded area behind a building located at 1416 S. Blue Island. Defendant then pulled out a gun and shot victim between the eyes. Victim died as a result of this gunshot wound which penetrated his brain. Three bullet fragments were recovered from the victim's skull. Defendant was arrested a short time later at 1432 S. Blue Island where he was sleeping.'"
Gavin v. State, 891 So.2d 907, 953 (Ala.Crim.App. 2003),Petition p. xxvi.
The Court of Criminal Appeals correctly acknowledges and holds that the document is hearsay that does not fit within any of the exceptions to the hearsay rule, Rule 803, Ala. R. Evid. Gavin,891 So.2d at 955-56, Petition pp. xxviii-xxix. That court also correctly acknowledges and holds that such hearsay may be admissible in a sentencing hearing if the hearsay "`bear[s] minimal indicia of reliability.'" Gavin, 891 So.2d at 955,Petition p. xxviii. The Court of Criminal Appeals then holds the document sufficiently reliable, and therefore admissible, according to this rationale:
 "Although, based on the record, the document does not fall within any of the exceptions to the hearsay rule, we nevertheless find that it bears indicia of reliability because it has particularized guarantees of trustworthiness. As noted above, the document was prepared by an assistant state attorney, an officer of the court. In addition, it was prepared pursuant to a duty imposed by Illinois law. See 730 Ill. Comp. Stat. Ann. 5/5-4-1(d) (2003) (which provides, in part, that `[w]hen the defendant is committed to the Department of Corrections, the State's attorney shall and counsel for the defendant may file a statement with the clerk of the court to be transmitted to the department, agency, or institution to which the defendant is committed to furnish such department, agency or institution with the facts and circumstances of the offense for which the person was committed'). Because the maker of the document was an officer of the court who was under a duty imposed by law to make the document, we believe there was incentive for the statement to be accurate. Therefore, we conclude that the admission of the `Official Statement of Facts' did not violate Gavin's right to confrontation.
 "Accordingly, the `Official Statement of Facts' regarding Gavin's prior murder conviction was properly admitted into evidence at the sentencing phase of trial."
Gavin, 891 So.2d at 956-57, Petition p. xxix.
On the one hand, the defendant's grounds of objection at trial did not include violation of the Confrontation Clause of theSixth Amendment to the United States Constitution, Gavin,891 So.2d at 954, Petition p. xxv, and the petition now before us does not challenge the particular holding of the Court of Criminal Appeals that this document was sufficiently reliable to be admissible. On the other hand, the defendant's objection at trial did include the ground that the document "was more prejudicial than probative" for other reasons, Gavin,891 So.2d at 953, Petition p. *Page 1000 
xxvi, and the defendant's petition to us does cite Ex parteMcGahee, 632 So.2d 981, 983 (Ala. 1993), for the proposition, among others, that "`due process requires . . . that [the document] bear minimal indicia of reliability'" to be admissible even in a sentencing hearing. Petition pp. 43-44 (quotingKuenzel v. State, 577 So.2d 474, 528 (Ala.Crim.App. 1990)).
The admission of this document virtually assured a death recommendation by the jury, and the opinion of the Court of Criminal Appeals does not reveal any legitimate basis in the record for holding the document sufficiently reliable to be admissible. The rationale of that court that "there was incentive for the statement to be accurate," Gavin, 891 So.2d at 957,Petition p. xxix, is sheer wishful thinking which disregards the bias in perspective and motivation that would be virtually inherent in the prosecutor. Indeed the Appellate Court of Illinois, following Illinois Supreme Court precedent and applying the very same Illinois statute cited by the Alabama Court of Criminal Appeals for the reliability of the Illinois prosecutor's "Official Statement of Facts," held:
 "[U]nder [People v.] Wooten[, 392 Ill. 542, 64 N.E.2d 857 (1946),] and [People v.] Hawkins[, 54 Ill.2d 247, 296 N.E.2d 725 (1973)], the newly-convicted individuals from Cook County have no legally cognizable right to what they deem to be an objective statement. . . ."
Dennis v. O'Malley, 256 Ill.App.3d 334, 345, 628 N.E.2d 362,370, 194 Ill.Dec. 865, 873 (1993).
 "[O]bjectivity on the part of neither the State's Attorney nor the defendant is required by the Act, and in any event, true objectivity is in the eye of the beholder. . . ."
Id., 256 Ill.App.3d at 345, 628 N.E.2d at 370, 194 Ill.Dec. at 873.
 "[S]ection 5-4-1(d) vests in plaintiffs no right to an objective statement. . . ."
Dennis, 256 Ill.App.3d at 346, 628 N.E.2d at 371, 194 Ill.Dec. at 873.
 "[W]e have decided above that section leaves the content of the statements fully up to the State's Attorney in his unrestricted discretion."
Id., 256 Ill.App.3d at 351-52, 628 N.E.2d at 375, 194 Ill.Dec. at 878.
Suppose the shoe were on the other foot. Suppose, pursuant to the Illinois statute, the defendant's Illinois trial counsel had prepared the "Official Statement of Facts" about the prior Illinois murder conviction. Suppose the Illinois defense lawyer's description of the killing, completely unlike the Illinois prosecutor's description, supported the inference that the defendant's guilt was minimal. Suppose, for instance, the facts recited by the Illinois defense lawyer depicted the defendant as frantically defending himself against a violent overreaction by the victim to some minor provocation by the defendant. Suppose, in the sentencing hearing in this Alabama capital murder trial, this defendant had offered such an "Official Statement of Facts" but the trial court had excluded it upon an objection by the State. Would any of the judges on the Court of Criminal Appeals or any Justice on our Court deem the document sufficiently reliable to be admissible?
The Illinois prosecutor who made the "Official Statement of Facts" actually at issue in this Alabama capital murder case did not testify in support of the admissibility of the document or even appear at trial. Gavin, 891 So.2d at 956-57, Petition p. xxviii. Thus, the ruling by the trial court admitting this document is in no way protected by the trial judge's having personally observed the witnesses and their delivery of their testimony. Rather, the factual aspect of the admissibility of this document *Page 1001 
depends solely on the words in the record. Accordingly, I respectfully submit that, pursuant to Rule 39(a)(2)(D), Ala. R.App. P., we should conduct a plain error review of the record to determine whether it contains any legitimate basis for the holding by the Court of Criminal Appeals that the document was sufficiently reliable to be admissible.